IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**VICKI D. FRANKS**                                                                            **PLAINTIFF**

**v.**                                            **NO.: 3:21-CV-5-JMV**

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security**                            **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an April 21, 2020, final decision of the Commissioner of the Social Security Administration (the "Commissioner") finding that the Plaintiff was not disabled. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the Commissioner's decision is affirmed.

Plaintiff protectively filed an application in the present matter on January 11, 2018. The application was denied at the initial and reconsideration levels and the Plaintiff filed a timely request for hearing, which the Administrative Law Judge ("the ALJ") held on November 7, 2019. Tr. 18, 38-91, 93-124. A supplemental hearing on March 12, 2020, to take medical expert testimony per the Plaintiff's request. *Id.* On April 21, 2020, the ALJ issued a decision finding that

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

the Plaintiff is not disabled. Tr. 15-29. The Plaintiff then requested that the Appeals Council review the ALJ's decision and on November 16, 2020, the Appeals Council denied the Plaintiff's request for review. Tr. 8-12. On appeal, the Plaintiff raises two issues: (1) Did the ALJ err by failing to incorporate all of Plaintiff's visual impairment restrictions into the RFC?; and (2) Did the ALJ err in her assessment of Plaintiff's treating physician and the medical records?

**I.    Did the ALJ err by failing to incorporate all of Plaintiff's visual impairment restrictions into the RFC?**

The Plaintiff argues that the ALJ erred in finding unpersuasive, the medical opinion of Dr. Savage that Plaintiff was limited to sedentary work prior to the date last insured ("DLI"), December 31, 2017. The undersigned finds this argument is without merit as aside from reiterating that the medical expert ("ME") voiced this opinion on several occasions, Plaintiff never explains why the conclusion that it was unpersuasive was in error. Indeed, Plaintiff appears to concede that the ME did not provide any specific medical support for the opinion. When this is stacked against the litany of examples cited by the ALJ in support of his finding of not disabled, it is plain the Plaintiff has not carried her burden.

In all Social Security disability cases, Plaintiff bears the ultimate burden of proof on the issue of disability. *See Kraemer v. Sullivan*, 885 F.2d 206, 204 (5th Cir. 1989); *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). In this case, the ALJ found that the ME's assessment was vague regarding Plaintiff's RFC before December 31, 2017, the DLI. Tr. 23. And, the ALJ noted Dr. Savage did not cite specific medical records for his opinion regarding Plaintiff's RFC before the DLI. *Id.*

The ALJ correctly considered all the evidence, including that dated before the alleged onset date, such as when Plaintiff reported recurrent ankle swelling, but denied chest pain, shortness of breath, palpitations, or dizziness in May 2017. Tr. 23, 575-76. The ALJ pointed out that testing

showed no evidence of ischemia, Plaintiff had scleroderma (with possible effects upon pulmonary function and cardiac effects), and a history of gangrene in her fingertips and cracking of the skin, which improved with medication. Tr. 23, 76. An impairment that is controlled with treatment is not disabling. *See Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988). Further testing on May 24, 2017, noted that Plaintiff again denied chest pain, shortness of breath, palpitations or dizziness, and testing showed no ischemia Tr. 573-74. An EKG showed a normal sinus rhythm with no signs of ischemia, an echocardiogram showed an eject fraction of 53 percent, and pulmonary function testing showed only trace pulmonary insufficiency. Tr. 573-75. Mark Coppess, M.D., opined that Plaintiff's lower extremity swelling was controlled with medication, and she had no recurrence of gangrene since starting medication. Tr. 23. On June 14, 2017, after lifting a 50-pound bag of feed, Plaintiff reported low back pain of 10/10 and received a pain injection and medications. *Id.* A few days later, Plaintiff returned reporting 6/10 pain. Tr. 529-32.

In discussing the relevant evidence, the ALJ noted that Plaintiff was hospitalized in July 2017 for pneumonia and a small left effusion, underwent a left thoracotomy with decortication, and developed a hemothorax. Tr. 23. However, she pointed out that those conditions were found to have resolved on follow-up in December 2017. Tr. 23, 606-08. An impairment that is controlled with treatment is not disabling. *See Johnson*, 864 F.2d at 348. A claimant is disabled and entitled to benefits if the individual is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A).

The relevant evidence also shows that Eric Wiedower, D.O., examined Plaintiff on December 21, 2017 (10 days before the DLI), and noted a past history of scleroderma, Raynaud,

and GERD. Tr. 606. He considered that Plaintiff developed a hemothorax after July 2017 surgery, had hemorrhagic shock, and developed thrombocytopenia. *Id.* However, Dr. Wiedower opined that Plaintiff made a "remarkable recovery," with normal platelet counts, and she looked "exceedingly better," and Plaintiff herself reported she was pleased with her progress. In fact, other than some chronic pain, Plaintiff had no new major issues. Tr. 606-08. On exam, the doctor found her lungs were clear, her heart rhythm was normal, and he assessed Plaintiff with "resolved" thrombocytopenia, "resolved" parapneumonic effusion status post thoracotomy and decortication, "resolved" hemorrhagic shock, and "resolved" leukocytosis, but elevated alkaline phosphatase. Tr. 24, 606-08. Dr. Wiedower opined that Plaintiff "looks great clinically." Tr. 608. Because her bloodwork normalized, the doctor further found Plaintiff no longer needed to be followed at the clinic. Tr. 24, 608. These objective observations from the relevant period support the ALJ's decision to discount Dr. Savage's retrospective opinion.

In short, because the ME, Dr Savage, failed to cite relevant evidence supporting his RFC assessment, the ALJ properly found Dr. Savage's opinion was unpersuasive. Tr. 22-23.

**II.     Did the ALJ err in finding that Dr. Mays' opinion(s) after the date last insured did not relate back?**

Plaintiff also contests the ALJ's finding that the July 2018 and October 2019 opinions of Dr. Mays, her pain management doctor, were unpersuasive because they did not relate to the relevant period ending on December 31, 2017. *See* Pl.'s Br. at 14-15, 19, 29. But, as the Commissioner points out, the ALJ accurately noted that Dr. Mays did not first examine the Plaintiff until January 18, 2018, after the DLI. Additionally, Dr. Mays provided no specific limitations, and his opinions regarding employability were not in the doctor's province as discussed more fully hereafter. It is well settled that an ALJ can properly reject any conclusions of disability as determinative on the ultimate issue. *See Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) ("the

ALJ has the sole responsibility for determining the claimant's disability status"); 20 C.F.R. § 404.1504. The ALJ's decision in this case comports with the relevant guidelines providing that when evaluating claims (such as this one) filed on March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a) (2017).

Plaintiff assertion that the ALJ "admitted that there were significant findings in Dr. Mays' records of January 19, 2018" is unsupported by record citation and the Plaintiff does not cite any of those alleged "significant" January 19 findings. *See* Pl.'s Br. at 14-15. Further, contrary to Plaintiff's claim, the ALJ did not discount Dr. Mays' contemporaneous medical findings from shortly after the end of the relevant period. Instead, the ALJ found the doctor's opinions from several months (July 16, 2018) to nearly two years (October 15, 2019) after Plaintiff's December 31, 2017, DLI were "unpersuasive." Tr. 24-25, 730, 867. And, the ALJ explained why Dr. Mays' July 16, 2018, opinion in support of Plaintiff disability application was "unpersuasive." Tr. 24-25, 730. The ALJ pointed out that Dr. Mays noted that Plaintiff had returned for "new chest wall pain" and cited the doctor's statements that Plaintiff's adult son had *recently* passed away placing her under a great deal of stress, and that she "could not work *at that time or in the foreseeable future* and had limitations from pain and pulmonary function, it seemed." Tr. 24, 671-731. In short, it does not appear this medical note dated several months after the DLI concerned Plaintiff's ability to work during the relevant period. Records describing a claimant's current condition cannot be used to support a retrospective diagnosis of disability absent evidence of an actual disability during the time of insured status. *See McLendon v. Barnhart*, 184 F. App'x. 430, 432 (5th Cir. 2006).

The ALJ similarly determined that Dr. Mays' later October 15, 2019, letter to Plaintiff's representative stating his belief that she could not "be gainfully employed in any meaningful fashion in the foreseeable future" was not persuasive. Tr. 24-25, 867. The ALJ found the doctor's belief that Plaintiff had not improved since her 2017 surgery to the point where she could reliably work in any commercial position was "unpersuasive." *Id.* The ALJ pointed out that Dr. Mays found Plaintiff had limitations in reaching and bending, lifting and carrying, and with concentration, but provided no specific limitations. Tr. 25. *See* 20 C.F.R. § 404.1520c(c)(1) (The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his medical opinion, the more persuasive the medical opinion).

The ALJ also addressed Dr. Wiedower's findings from an examination only ten days before Plaintiff's DLI. Tr. 24, 590-629. As discussed above, she cited the doctor's findings, based on the December 21, 2017, examination, that Plaintiff made a "remarkable recovery," looked "exceedingly better," had clear lungs and normal heart findings, and her conditions (other than alkaline phosphatase) had "resolved." Tr. 24, 592-94, 606. Dr. Wiedower's relevant contemporaneous benign findings a mere ten days before Plaintiff's insured status expired, refute Dr. Mays' opinions dated several months to nearly two years after the relevant period ended.

This lack of support was another proper consideration in the ALJ's finding Dr. Mays' opinions "unpersuasive." 20 C.F.R. § 404.1520c(c)(2) (The more consistent a medical opinion is with the evidence from other medical sources in the claim, the more persuasive the medical opinion will be). The court concludes that the Plaintiff's claim that the ALJ improperly discounted Dr. Mays' retrospective opinions without sufficient explanation is without merit.

**Conclusion**

For the foregoing reasons, the Commissioner's decision is supported by substantial evidence and is affirmed.

**SO ORDERED**, this the 24th day of January, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**